IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LINDA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 00-D-1646-N |
| | ) | |
| ROBERT R. RUTLEDGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On 24 January 2002, the above-styled case was referred to the undersigned Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. This case was originally assigned to the undersigned on 4 December 2000. After a review of this case, the Magistrate Judge finds that this case has one pending dispositive motion, a motion to dismiss (Doc. #31) filed by defendants, Robert Rutledge, Regional Surgical, and Regional Associates.

Therefore, it is ORDERED:

1. That this court's Uniform Scheduling Order dated 25 July 2001 is hereby reinstated in part, with the deadlines specifically addressed below:

    **Section 1.**  The District Judge assigned to this case will enter an order setting this case for a pretrial conference and a specific jury trial term.

    **Section 2.**  On or before 10 April 2002, the parties shall file any dispositive motions, i.e., motions to dismiss or motions for summary judgment.



**Section 3.**   On or before 1 May 2002, the parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. On 8 May 2002, plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation".

**Section 4.**   The time for filing motions to amend the pleadings and to add parties expired on 9 October 2001.

**Section 5.**   On or before 10 April 2002, the parties shall file any motions along with a brief in support of class certification.

**Section 6.**   The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

**Section 7.**   All discovery shall be completed on or before 25 June 2002.

**Section 8.**   On or before 24 April 2002, the parties shall disclose to each other the identity of any person who my be used at trial to present evidence.

**Section 9.**   On or before 18 June 2002, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

**Section 10.**   On or before 22 July 2002, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial.

**Section 11.**   On or before 29 July 2002, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.

**Section 12.**   On or before 29 July 2002, The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon.

2.   If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Any party filing objections shall state the objections in full, including all of the reasons why the deadlines should be changed or are prejudicial toward the objecting party. Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

The Clerk of the Court is DIRECTED to forward copies of this order to counsel of record via facsimile.

DONE this 8th day of February, 2002.

_____
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE